NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| M.S. and D.S., Individually, and as Guardians *ad litem* of N.S.,<br><br>*Plaintiffs*,<br><br>v.<br><br>RANDOLPH BOARD OF EDUCATION,<br><br>*Defendant*. | Civil No. 2:18-cv-13029 (KSH)(CLW)<br><br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

## I. Introduction

This matter comes before the Court on the motion (DE 29) of plaintiffs M.S. and D.S. (collectively "plaintiffs") for reconsideration of the Court's order (DE 28) denying their motion for summary judgment and affirming the July 16, 2018 decision of Administrative Law Judge ("ALJ") Gail Cookson. In their motion, plaintiffs requested that the Court reverse the ALJ's decision that found that defendant Randolph Board of Education ("the District") did not deny their son, N.S., a Free and Appropriate Public Education ("FAPE"). As a consequence, the ALJ denied plaintiffs reimbursement of the costs associated N.S.'s placement at a residential facility in Utah. (DE 12.) For the reasons set forth below, plaintiffs' motion for reconsideration is denied.

## II. Background

The relevant factual allegations and procedural history of this matter are set forth in extensive detail in the Court's September 30, 2019 opinion. (DE 27 ("Sept. 30, 2019 Opinion").) Briefly, Plaintiffs alleged that N.S. struggled with generalized anxiety disorder

1

throughout his school years. The District prepared a Section 504 Plan and provided him with various accommodations, including extra time to complete assignments and home instruction. N.S. has high cognitive function and performed well on standardized tests and in his academic classes, but often refused to attend school. His absenteeism concerned both his parents and teachers. On February 23, 2017, plaintiffs submitted a due process petition to the New Jersey Office of Special Education on the issue of whether the District had failed to properly evaluate and classify N.S., and as a result failed to provide a FAPE. In April 2017, plaintiffs unilaterally enrolled N.S. in Waypoint Academy, a residential treatment facility for youths with anxiety located in Huntsville, Utah, which the District refused to pay for.

After due process hearings in August, September, October, and November 2017, the ALJ determined that the District properly declined to classify N.S. as eligible for special education and related services because he did not meet the eligibility criteria for special education under the Individuals with Disabilities Education Act ("IDEA") and, further, denied plaintiffs' request for reimbursement of N.S.'s placement at Waypoint Academy. Plaintiffs filed their appeal in this Court, which affirmed the ALJ.

### III. Legal Standard

Plaintiffs' motion for reconsideration is governed by L. Civ. R. 7.1(i), which permits an aggrieved party to seek reconsideration within fourteen days of the entry of an order where the party believes the Court has overlooked information or made a clear error of law. The movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . .; or (3) the need

2

to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Reconsideration is considered an "'extraordinary remedy'" to be granted "'sparingly.'" *Ippolito v. Carpenito*, 2020 WL 1847671 (D.N.J. Apr. 13, 2020) (Vazquez, J.) (quoting *NL Indus., Inc. v. Commercial Union Ins. Co.,* 935 F. Supp. 513, 516 (D.N.J. 1996)). It is not warranted simply because a party disagrees with a decision, nor is a motion for reconsideration a proper vehicle for rearguing matters that were or could have been raised prior to the Court's ruling. *See id.* The movant must "present 'something new or something overlooked by the court in rendering the earlier decision.'" *Summerfield v. Equifax Info. Servs. LLC*, 264 F.R.D. 133, 145 (D.N.J. 2010) (Rodriguez, J.) (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)). "Overlooked" refers "only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered." *Id.*

### IV. Discussion

As the District asserts, much of plaintiffs' motion consists of a recapitulation of arguments they previously made. The Court will not consider re-argument or address matters that plaintiffs could have but failed to raise prior to the Court's ruling. To the extent this motion is properly before the Court, plaintiffs claim it is grounded in the need to correct clear errors of law or fact.

#### A. *The Court's consideration of N.S.'s eligibility for special education*

Plaintiffs contend that the Court incorrectly determined that they did not discuss classification of N.S. as emotionally disturbed or argue that N.S. met the criteria in their moving brief. In its September 2019 opinion, the Court stated, "Plaintiffs contend in their

3

notice of motion that the ALJ also erred by finding N.S. did not meet the eligibility criteria to be classified as emotionally disturbed. They did not address this issue in their moving brief. That argument is therefore waived." (Sept. 30, 2019 Opinion, at 19 n.4.) Plaintiffs maintain that they "exhaustively discussed the criteria for the emotionally disturbed classification and tied that criteria to N.S.'s behavior and decreased functioning at school," and therefore, the argument was not waived. (DE 29 ("Moving Brief"), at 3; *see also* DE 12 ("Summary Judgment Moving Brief"), at III.B.)

As the Court has stated in its September 2019 opinion, to determine whether a student is eligible for special education under the IDEA in New Jersey, plaintiffs must show that the student satisfies all three of the following prongs: "(i) the student has one of 14 enumerated disabilities, one of which is emotionally disturbed; (ii) "the disability adversely affects the student's educational performance"; and (iii) "the student is in need of special education and related services." N.J.A.C. 6A:14-3.5(c). Plaintiffs focused on the second and third prong in their brief in challenging the ALJ's decision. For instance, they stated that the District "has always acknowledged that N.S. suffered from an emotional disability" and therefore conceded that the "dispute in this case centers on the second and third prong of the eligibility test." (Summary Judgment Moving Brief, at 5.) Furthermore, they stated that the ALJ's decision "acknowledges that N.S. had a disability, emotional in nature, and therefore satisfied the first prong[.]" (*Id.* at 6.) Thus while plaintiffs centered their argument on the second and third factors the District concedes (DE 32 ("Opposition Brief"), at 5), and the Court agrees, that they did not entirely waive their argument regarding the first prong. However, in writing that plaintiffs waived the argument, the Court did not end the inquiry, finding further that "even

if the ALJ should have found that N.S. is emotionally disturbed, this issue is moot because…the ALJ appropriately determined that his anxiety did not affect his educational performance and that he did not need specially designed instruction." (Sept. 30, 2019 Opinion, at pg. 20 n.6.)

Plaintiffs' motion for reconsideration also takes issue with the Court's resolution of these second and third factors. First, they argue that the Court wrongly determined that the ALJ did not err in deciding that N.S.'s disability did not adversely affect his educational performance. (Moving Brief, at 6-7.) In support, plaintiffs do not raise new arguments and instead repeat much of what they argued in their original papers. In asserting that "the Court's analysis upholds the ALJ's conclusion that a student with an emotional disturbance disability who gets good grades cannot show educational impact" (Moving Brief, at 8), plaintiffs mischaracterize both what the ALJ concluded and the Court's reasons for upholding her decision.

Plaintiffs also contend that the Court committed a "clear misapplication of law" in upholding the ALJ's conclusion that N.S. did not require special education, asserting that the Court's decision is "inconsistent" with the Court's finding that specially designed instruction can take different forms. (Moving Brief, at 10.) Plaintiffs do not raise new arguments here, but instead restate the issues they already briefed in their original papers and express dissatisfaction with the ALJ's decision. The Court did not narrowly construe what sort of special education a student may receive but instead found plaintiffs' argument that N.S. required a therapeutic placement was "inextricably tied to their position that N.S.'s anxiety caused his absenteeism and hence his ability to access the District's general curriculum." (Sept.

5

30, 2019 Opinion, at 25-26.) Because the Court found that the administrative record supported the ALJ's finding that N.S.'s anxiety did not cause his absenteeism or, relatedly, his ability to access the curriculum, it found that the ALJ properly found that N.S. did not require special education of any kind. Therefore, its decision upholding the ALJ's conclusion was not, as plaintiffs claim, a misapplication of the law.

### B.  The Court's consideration of N.S.'s absenteeism

Plaintiffs also argue that in giving due weight to the ALJ's finding that N.S.'s anxiety did not cause his absenteeism, the Court overlooks "critical" facts—namely, that Sage Day counselor Linda McGovern, who testified that N.S.'s absenteeism was voluntary, also noted during cross-examination that she learned from the Child Study Team that N.S. stopped attending school because of anxiety. (Moving Brief, at 10-11.) This point was not raised in the plaintiffs' briefing, and significantly, even if it was to be considered now, it would not constitute a manifest error of fact that requires reconsideration. Likewise, the Court did not overlook Dr. Meyerhoff's conclusions that N.S. was "unable, rather than unwilling to function." (*Id.*, at 11-12.) As the Court noted, such information was not barred and was in fact thoroughly reviewed. (*See* Sept. 30, 2019 Opinion, at 18 n.5.)

### C.  The Court's consideration of alternative programs offered by the District

Finally, plaintiffs contend that the Court incorrectly found that the ALJ did not consider alternative programs the District could have offered to N.S (Moving Brief, at 6; *see also* Sept. 30, 2019 Opinion, at 33 n. 14 ("The Court's review of the ALJ's decision and the administrative record finds no basis to conclude that the ALJ considered any program that the District could have offered N.S. but did not.") As the District points out, it appears that

plaintiff is referring to the ALJ's finding of fact #73 which relates to N.S.'s refusal of "all school-based options." (Opposition Brief, at 6.) Neither this point nor anything else in Judge Cookson's decision suggests that she improperly placed blame on plaintiffs for not considering options the District could provide or make available. As the District notes, there is "no reference to Option 2 or therapy rooms in this finding, as Plaintiffs' argument presumes." (*Id.*) Plaintiff explains that these options were not available to N.S. at the time he was enrolled at the school, but significantly, there is no indication that the ALJ took these into consideration and thus did not take into account programs that were not offered.

### V. Conclusion

Plaintiffs make the valid point that the Court's opinion did not directly address their challenge to the ALJ's consideration of N.S.'s classification as emotionally disturbed; the opinion found they waived the argument and a close look at their moving papers shows they did not. However, their motion for reconsideration fails to show that the Court made a clear error of law or fact when it went on to apply the second and third prongs of the required analysis on the assumption that the first prong–that N.S. was emotionally disturbed–was satisfied, and found that N.S.'s condition did not adversely affect his educational performance so that he was in need of special education and related services. On those points, plaintiffs' papers reflect their strong disagreement for the reasons already expressed in their motion for summary judgment, but as discussed above, this is not a basis for reconsideration. Accordingly, their motion is denied. An appropriate order will follow.

Date: August 31, 2020

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.